IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT PIEHL,

    Petitioner,

v.                                    CASE NO. 3:16-cv-634-LC-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 Escambia County conviction. (ECF No. 1.) Respondent filed the instant Motion to Dismiss on October 30, 2017. (ECF No. 23.) Petitioner has filed a response, (ECF No. 26), and the motion to dismiss is therefore ripe for review. For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition be dismissed.

## **State-Court Proceedings**

Petitioner was convicted on May 6, 2010, for three counts of aggravated assault with a firearm, two counts of shooting into a building, and one misdemeanor count of criminal mischief. (ECF No. 23-1 at

101–03.) Petitioner was sentenced on June 21, 2010, to a mandatory minimum of twenty years' imprisonment for the aggravated assaults (to run concurrently with each other), 180 months' imprisonment on one count of shooting into a building (to run concurrent with the twenty years' imprisonment), 180 months' probation on the other count of shooting into a building (to run consecutive to the period of incarceration), and 60 days' time served for the criminal mischief. (*Id.* at 198, 205.)

Petitioner filed a direct appeal in the First District Court of Appeal ("First DCA"). (ECF No. 23-2 at 23–26; ECF No. 23-8 at 2–26.) The First DCA per curiam affirmed without written opinion on December 9, 2011, and the mandate followed on December 28, 2011. (ECF No. 23-10 at 2–4.)

On December 18, 2012,[1] Petitioner filed a *pro se* petition for writ of habeas corpus in the First DCA alleging ineffective assistance of appellate counsel. (ECF No. 23-11 at 2–50.) The First DCA per curiam denied the petition on the merits on January 17, 2013. (ECF No. 23-12 at 2.) Petitioner then filed a motion for rehearing on January 30, 2013. (*Id.* at 3–6.) The First DCA denied the motion for rehearing on March 14, 2013. (*Id.* at 7.)

---

[1] Pursuant to the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

Petitioner next filed a motion for postconviction relief in the trial court on May 30, 2013. (ECF No. 23-13 at 70–116.) On July 16, 2013, however, the trial court struck the motion for postconviction relief as facially insufficient, but granted Petitioner leave to file an amended motion for postconviction relief within sixty days. (*Id.* at 117–19.) Petitioner thereafter filed his amended motion for postconviction relief on September 12, 2013. (ECF No. 23-13 at 122–71.) The trial court denied the amended motion for postconviction relief on all grounds on November 7, 2014. (*Id.* at 315–44.) Following an extension of time, Petitioner filed a motion for rehearing on November 20, 2014. (*Id.* at 677–694.) The trial court denied the motion for rehearing on December 31, 2014. (*Id.* at 728.)

Petitioner appealed the denial of his amended motion for postconviction relief to the First DCA on January 28, 2015. (*Id.* at 719–20; ECF No. 23-16 at 2–60.) The First DCA per curiam affirmed on August 29, 2016. (ECF No. 23-20 at 2.) Petitioner then filed a motion for rehearing on September 12, 2016, which the First DCA denied on October 28, 2016. (*Id.* at 3–5.) The mandate followed on November 15, 2016. (*Id.* at 7.)

Petitioner then filed the instant Petition in this Court on November 23, 2016. (ECF No. 1.)

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the one-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v.*

*Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

As an initial matter, because Petitioner filed his Petition after April 24, 1996, the AEDPA governs his Petition. The Petition is therefore subject to the AEDPA's one-year limitation period.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A state appellate court's *per curiam* affirmance of a conviction is not reviewable by the Florida Supreme Court. *Jackson v. State*, 926 So. 2d 1262, 1265; *see also* Fla. Const. Art. V, § 3(b)(1). A petitioner, however, has a 90-day period in which to file a *certiorari* petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004). "[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking

Supreme Court review . . . ." *Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006).

With respect to the first *Adams* prong, Petitioner filed his Petition in this Court on November 23, 2016, pursuant to the mailbox rule. (ECF No. 1.) As to the second *Adams* prong, the First DCA per curiam affirmed Petitioner's conviction and sentence without written opinion on December 9, 2011.[2] Petitioner therefore received the benefit of the 90-day period to file a certiorari petition because, in light of the per curiam affirmance, the state appellate court was the highest court in which he could seek review. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . .") Accordingly, Petitioner's judgment of conviction became final on March 8, 2012. The one-year statute of limitations therefore began on March 9, 2012.

Petitioner's one-year clock then ran un-tolled for 284 days until he filed his petition for writ of habeas corpus in the First DCA on December 18, 2012. His one-year clock remained tolled until the First DCA denied his motion for rehearing on March 14, 2013. His one-year clock resumed on

---

[2] Petitioner did not file a motion for rehearing. *See* Sup. Ct. R. 13.3.

March 15, 2013.

Petitioner's one-year clock ran un-tolled for an additional 76 days—for a total of 360 un-tolled days—until he filed his motion for postconviction relief in the trial court on May 30, 2013. His clock remained tolled until the trial court struck his motion for postconviction relief as facially insufficient on July 16, 2013.[3] Although Petitioner eventually filed an amended motion for postconviction relief on September 12, 2013, the time period between the date the trial court struck his original motion and the date he filed his amended motion did not remain tolled for AEDPA purposes. See *Roberts v. Sec'y of Fla. Dep't of Corr.*, 2014 WL 28796, at

---

[3] To toll the AEDPA limitations period, the filing must be properly filed. *See* § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). To be "properly filed," the application must satisfy the mechanical rules that are enforceable by the clerks. *Pace v. DiGuglielmo*, 544 U.S. 408, 415 (2005). "These [rules] usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531 U.S. at 8. In Florida, "[t]he motion must be under oath stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct." Fla. R. Crim. P. 3.850(c).

Although the trial court struck Petitioner's motion for postconviction relief as facially insufficient, the motion nonetheless tolled the one-year limitations period because the deficiency was not something pertaining to mechanical rules enforced by the clerks. *See Brown v. Sec'y, Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that because the only deficiency in the motion was its lack of specificity—a finding that needed to be made by a judge—the motion was "properly filed" for AEDPA purposes); *Overton v. Jones*, No. 13-10172-CIV-MOORE, 2016 WL 145826, at *7 (S.D. Fla. Jan. 12, 2016) (finding that petitioner's legally insufficient motion was "properly filed" for AEDPA tolling purposes because the deficiency was not a mechanical rule enforceable by the clerks).

*3 n.4 (N.D. Fla. Jan. 2, 2014) (petitioner's one-year period expired between the time the circuit court struck his motion for postconviction relief as facially insufficient and the time he filed an amended motion for postconviction relief); *Green v. Tucker*, No. 3:10cv418/MCR/MD, 2011 WL 6942895, at *3 (N.D. Fla. Nov. 17, 2011), *report and recommendation adopted*, 2012 WL 13552 (N.D. Fla. Jan. 4, 2012) (AEDPA limitations period was not tolled in interim period between date the court struck petitioner's motion for post-conviction relief as facially insufficient and the date petitioner filed his amended motion for post-conviction relief); *Smith v. Buss*, No. 3:09cv278/MCR/EMT, 2011 WL 818157, at *6 (N.D. Fla. Feb. 4, 2011), *report and recommendation adopted*, 2011 WL 810017 (N.D. Fla. Feb. 28, 2011) (motion was not "pending" so as to toll limitations period during period between date state court struck initial Rule 3.850 motion as facially insufficient and date petitioner filed amended Rule 3.850 motion). Accordingly, Petitioner's one-year clock resumed on July 17, 2013, and ran un-tolled for 5 days until it expired on July 21, 2013.[4] He did not file the

---

[4] Even assuming the interim period between his original motion for postconviction relief and his amended motion for postconviction relief had remained tolled (and thereafter remained tolled during the pendency of the amended motion for postconviction relief), Petitioner's one-year clock would have nonetheless expired on January 5, 2015—five days after the trial court denied his motion for rehearing—making his Petition untimely.

instant Petition, however, until November 23, 2016, more than three years later. (ECF No. 1.)[5] The Petition is therefore untimely.

Although a petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Petitioner has not done so here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted." *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007).

Petitioner says that he was housed at Blackwater Correctional Facility ("Blackwater") for most of the un-tolled period. At the time, Blackwater was a relatively new facility having only begun housing inmates in 2010. Thus, Petitioner says the law library was poorly managed, there were few books, and law clerks provided little or no assistance to inmates unless they were illiterate. He also represents that inmates were only given

---

[5] Although Petitioner eventually filed his amended motion for postconviction relief and subsequently appealed the denial of his amended motion for postconviction relief to the First DCA, the tolling provision of § 2244(d)(2) does not apply to the amended motion or appeal because the one-year period expired before Petitioner filed either the amended motion or the appeal. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

access to the law library twice a month and only allowed to access one of the seven computers for forty-five minutes during each visit, if at all.

These circumstances, however, do not rise to the level of "extraordinary" circumstances to warrant equitable tolling. This is not a situation where Plaintiff claims he was completely denied access to a law library. Having limited access to an institution's law library, limited resources, and receiving little assistance from prison law clerks are typical difficulties faced by *pro se* incarcerated litigants.

Plaintiff also claims to have believed he could not file his petition in this court until he appealed the denial of his amended motion for post conviction relief. Confusion or ignorance of the law, however, do not constitute extraordinary circumstances justifying a failure to file in a timely manner. *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013).

Finally, although Petitioner references an alleged "incapacitating illness" on November 21, 2016, which lasted until November 22, 2016, that period of time was well past the deadline for him to file his petition. His "incapacitating illness" is therefore irrelevant.

Petitioner has failed to demonstrate the requisite extraordinary circumstances to warrant equitable tolling of his AEDPA statute of limitations. Accordingly, the Petition is untimely and should be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a writ of habeas corpus, ECF No. 1, should be **DISMISSED** and

a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 12th day of February 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.